## Bowen *versus* Goranflo.

1. In an issue, *devisavit vel non*, the executor who is also a devisee, is a competent witness in support of the will.

2. Parties claiming an estate under the same decedent, devolved on them by descent or succession, are competent witnesses in the trial of an issue to settle their rights.

3. Karns *v.* Tanner, 16 P. F. Smith 297, followed.

[Bowen *v.* Goranflo.]

March 17th 1873.    Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ.    WILLIAMS, J., at Nisi Prius.

Error to the court of Common Pleas of *Lehigh county :* No. 76, to July Term 1872.

This was a feigned issue to try the validity of a paper writing, purporting to be the will of Hannah E. Bowen, deceased.    The issue was framed November 10th 1871 ; William A. Goranflo, the executor named in the will, was plaintiff, and Thomas Bowen, who was husband of the decedent, was defendant.    William Goranflo was brother of the decedent.    The will was dated April 19th 1871, and gave all her property "unto my child or children absolutely and for ever," to be paid to the child or children at the age of twenty-one years, "but if they should die before they arrive at twenty-one years leaving no issue, then I direct that all my property shall go and be divided to and among my brother and sister," &c.

The testatrix left only one child, who survived her about one month ; it was dead without issue at the trial of this case.

On the trial, April 9th 1872, before Longaker, P. J., the plaintiff made the formal proof of the execution of the will.

In the course of the trial, William Goranflo, the plaintiff, was offered as a witness.    He was objected to by the defendant as incompetent, being a devisee under the will.

The court admitted him to testify and sealed a bill of exceptions.

There was much evidence given as to undue influence, &c., in order to invalidate the will ; the defendant submitted points the answers to which were assigned for error, but the only question considered in the opinion of the Supreme Court was the competency of Goranflo.

The verdict was for the plaintiff, and amongst other errors, the defendant on the removal of the record to the Supreme Court, assigned for error the admission of Goranflo as a witness.

*J. S. Biery* and *C. Albright,* for plaintiff in error, cited Act of April 15th 1869, sect. 1, Pamph. L. 30, 1 Br. Purd. 624, pl. 16 ; Karns *v.* Tanner, 16 P. F. Smith 297 ; Post *v.* Avery, 5 W. & S. 509 ; Phinney *v.* Tracey, 1 Barr 175 ; Clover *v.* Painter, 2 Id. 46 ; Asay *v.* Hoover, 5 Id. 37 ; Haus *v.* Palmer, 9 Harris 298.

*R. E. Wright, Jr.,* and *E. Harvey* (with whom was *R. E. Wright*), for defendant in error.

The opinion of the court was delivered, May 17th 1873, by

MERCUR, J.—The first error assigned is as to the competency of the party to testify.    He was both a devisee and the executor. It was admitted upon the argument, that if he had been the ex-

[Bowen v. Goranflo.]

ecutor only, he would have been competent under the exception to the proviso of the Act of 15th April 1869, Pamph. L. 30; but inasmuch as he was a devisee also, it was argued that he was incompetent.    We are not able to see the force of the reasoning nor to adopt the conclusion.    The language of the exception to the Act is to make parties competent "in issues and inquiries *devisavit vel non* and others, respecting the right of such deceased owner, between parties claiming such right by devolution on the death of such owner."

This is an issue *devisavit vel non*.    It is between parties claiming a right by devolution on the death of the former owner.    The subject-matter is respecting the right so acquired.    Thus the form of the suit, the parties thereto, and the subject-matter bring it within the exception.    We see nothing in it to exclude a party who is either devisee or executor only.    A union of two conditions of competency, each unquestioned by itself, will not create incompetency as its joint product.    It follows that both parties claiming an estate, under the same decedent, which has devolved on them by descent or succession, are competent witnesses in the trial of an issue to settle their respective rights thereto : Karns *v.* Tanner, 16 P. F. Smith 297.

No error is assigned to the general charge, but the answers of the court to the specific points submitted are assigned for error.

We have carefully examined the whole testimony.    All the points submitted are substantially answered in the general charge. It contains a clear and correct statement of the law as applied to the evidence in the case.    The errors are not sustained.

Judgment affirmed.